

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 2 8 2015

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANTHONY OGDEN,                    §
                                  §
            Plaintiff,            §
                                  §
VS.                               §    NO. 4:15-CV-139-A
                                  §
STATE FARM LLOYDS, ET AL.,        §
                                  §
            Defendants.           §

---

COTY MITCHELL, ET AL.,            §
                                  §
            Plaintiffs,           §
                                  §
VS.                               §    NO. 4:15-CV-181-A
                                  §
STATE FARM LLOYDS, ET AL.,        §
                                  §
            Defendants.           §

---

JAMES MOORE,                      §
                                  §
            Plaintiff,            §
                                  §
VS.                               §    NO. 4:15-CV-239-A
                                  §
STATE FARM LLOYDS, ET AL.,        §
                                  §
            Defendants.           §

MEMORANDUM OPINION
and
ORDER

This is a combined memorandum opinion and order that

resolves issues that are common to the above-captioned actions.

A.     The Backgrounds of the Three Actions

1.     The 4:15-CV-139-A Action

Case No. 4:15-CV-139-A was initiated by plaintiff, Anthony
Ogden ("Ogden"), by the filing of his petition in the District
Court of Tarrant County, Texas, 141st Judicial District, on
January 26, 2015, naming as defendants State Farm Lloyds ("State
Farm") and Dalena Anderson ("Anderson").  Ogden alleged in his
petition that State Farm provided insurance coverage on his
property in Tarrant County, Texas, when the property was damaged
by a hail and wind storm occurring on October 2, 2014; that State
Farm failed to pay Ogden the benefits to which he said he was
entitled under the policy by reason of the damage to his
property; and, that Anderson was a claims adjuster who was
assigned by State Farm to adjust Ogden's property damage claim.
Ogden alleged various theories of recovery against State Farm and
Anderson.

On February 24, 2015, State Farm and Anderson removed the
action to this court based on diversity of citizenship.  The
notice of removal contained allegations establishing complete
diversity of citizenship and the requisite amount in controversy
as to Ogden's claims against State Farm.  State Farm acknowledged
in the notice of removal that Ogden and Anderson are citizens of
the State of Texas, with the result that complete diversity of

citizenship would not exist if Anderson was properly joined as a defendant.  State Farm pleaded that Anderson was improperly joined and/or fraudulently joined as a defendant, with the consequence that her state of citizenship should be disregarded in determining whether complete diversity exists.

On March 10, 2015, Ogden filed a motion to remand, alleging that complete diversity does not exist because of the claims asserted by Ogden against Anderson, a citizen of the State of Texas who was not improperly joined.  On March 26, 2015, State Farm and Anderson filed a response to the motion to remand, persisting in their contention that Anderson was improperly joined as a defendant, with the consequence that her citizenship should be disregarded for the purpose of determining whether complete diversity exists.

2.    The 4:15-CV-181-A Action

Case No. 4:15-CV-181-A was initiated by plaintiffs, Coty Mitchell and Clydelynn Mitchell (the "Mitchells"), by the filing of their petition in the District Court of Tarrant County, Texas, 96th Judicial District, on February 9, 2015, naming as defendants State Farm Lloyds ("State Farm") and Laurin Linson ("Linson"). The Mitchells alleged in their petition that State Farm provided insurance coverage on their property in the Grand Prairie, Texas, area when the property was damaged by a hail and wind storm

occurring on October 2, 2014; that State Farm failed to pay the
Mitchells the benefits to which they said they were entitled
under the policy by reason of the damage to their property; and,
that Linson was a claims adjuster who was assigned by State Farm
to adjust the Mitchells's property damage claim.  The Mitchells
alleged various theories of recovery against State Farm and
Linson.

On March 11, 2015, State Farm removed the action to this
court based on diversity of citizenship.  The notice of removal
contained allegations establishing complete diversity of
citizenship and the requisite amount in controversy as to the
Mitchells's claims against State Farm.  State Farm acknowledged
in the notice of removal that the Mitchells and Linson are
citizens of the State of Texas, with the result that complete
diversity of citizenship would not exist if Linson was properly
joined as a defendant.  State Farm pleaded that Linson was
improperly joined and/or fraudulently joined as a defendant, with
the consequence that her state of citizenship should be
disregarded in determining whether complete diversity exists.

On March 25, 2015, the Mitchells filed a motion to remand,
alleging that complete diversity does not exist because of the
claims asserted by the Mitchells against Linson, a citizen of the
State of Texas who was not improperly joined.  On April 15, 2015,

4

State Farm filed a response to the motion to remand, persisting in its contention that Linson was improperly joined as a defendant, with the consequence that her citizenship should be disregarded for the purpose of determining whether complete diversity exists.

     3.    The 4:15-CV-239-A Action

Case No. 4:15-CV-239-A was initiated by plaintiff, James Moore ("Moore"), by the filing of his petition in the District Court of Tarrant County, Texas, 67th Judicial District, on February 24, 2015, naming as defendants State Farm Lloyds ("State Farm") and Jon Dicesare ("Dicesare"). Moore alleged in his petition that State Farm provided insurance coverage on his property in Tarrant County, Texas, when the property was damaged by a hail and wind storm occurring on October 14, 2014; that State Farm failed to pay Moore the benefits to which he said he was entitled under the policy by reason of the damage to his property; and, that Dicesare was a claims adjuster who was assigned by State Farm to adjust Moore's property damage claim. Moore alleged various theories of recovery against State Farm and Dicesare.

On March 30, 2015, State Farm removed the action to this court based on diversity of citizenship. The notice of removal contained allegations establishing complete diversity of

citizenship and the requisite amount in controversy as to Moore's claims against State Farm.  State Farm acknowledged in the notice of removal that Moore and Dicesare are citizens of the State of Texas, with the result that complete diversity of citizenship would not exist if Dicesare was properly joined as a defendant. State Farm pleaded that Dicesare was improperly joined and/or fraudulently joined as a defendant, with the consequence that his state of citizenship should be disregarded in determining whether complete diversity exists.

On April 20, 2015, Moore filed a motion to remand, alleging that complete diversity does not exist because of the claims asserted by Moore against Dicesare, a citizen of the State of Texas who was not improperly joined.  On May 11, 2015, State Farm filed a response to the motion to remand, persisting in its contention that Dicesare was improperly joined as a defendant, with the consequence that his citizenship should be disregarded for the purpose of determining whether complete diversity exists.

B.   Analysis

The joinder of a local claims adjuster in a state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has become a popular tactic.  After a study of state court pleadings of the plaintiff(s) in each of the captioned actions, and a review of

6

the applicable legal authorities, the court has concluded, for
essentially the same reasons given by the court in the similar
actions in which the court recently has found improper joinder
of an adjuster,[1] that the claims adjuster was named as a
defendant in each of the captioned actions for the purpose of
attempting to defeat federal court jurisdiction.

The court has concluded that none of the claims asserted
against the adjuster in any of the captioned actions would
survive a motion to dismiss for failure to state a claim upon
which relief may be granted, with the consequence that his/her
citizenship should be disregarded in determining whether
diversity jurisdiction exists.  And, the court has concluded, for
the same reason, that the claims against each of the claims
adjusters should be dismissed, and that the motion to remand in
each of the captioned actions should be denied.

---

[1]Within the last few months the court has been required to make rulings in eight other cases in which this tactic was employed, more often than not by the same law firm (which is the same firm involved in the three captioned cases). See, e.g., Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *1 (N.D. Tex. Sept. 25, 2014); Davis v. Metropolitan Lloyds Ins. Co. of Tex., No. 4:14-CV-957-A, 2015 WL 456726, at *1 (N.D. Tex. Feb. 3, 2015); SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am., No. 4:15-CV-213-A, 2015 WL 2234912, at *1 (N.D. Tex. May 12, 2015); Vann v. Allstate Texas Lloyds, No. 4:15-CV-277-A, 2015 WL 2250243 at *1 (N.D. Tex. May 12, 2015); Cano v. Allstate Texas Lloyds, No. 4:15-CV-096-A, 2015 U.S. Dist. LEXIS 63477, at *1 (N.D. Tex. May 14, 2015); Gonzalez v. State Farm Lloyds, No. 4:15-CV-305-A (N.D. Tex. May 27, 2015); Arriaga v. State Farm Lloyds, No. 4:15-CV-308-A (N.D. Tex. May 27, 2015); Hershon v. State Farm Lloyds, No. 4:15-CV-312-A (N.D. Tex. May 27, 2015).

C.    Orders

Therefore,

The court ORDERS that the motion to remand in each of the captioned actions be, and is hereby, denied.

The court further ORDERS that all claims and causes of action asserted by Ogden against Anderson in Case No. 4:15-CV-139-A be, and are hereby, dismissed.

The court further ORDERS that all claims and causes of action asserted by the Mitchells against Linson in Case No. 4:15-CV-181-A be, and are hereby, dismissed.

The court further ORDERS that all claims and causes of action asserted by Moore against Dicesare in Case No. 4:15-CV-239-A be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to each of such dismissals.

This memorandum opinion and order is to be docketed by the clerk in each of the captioned actions.

SIGNED May 28, 2015.

JOHN McBRYDE
United States District Judge

8